UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER SHORTER, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:05-CV-0442 AS |
| OFFICER HEATH, OFFICER BROWN, and NURSE DEBBIE, | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Christopher Shorter, a prisoner confined in the Putnamville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was housed at the St. Joseph County Jail. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley,* 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must

allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Shorter brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must satisfy two elements; he must allege violation of rights secured by the Constitution and laws of the United States, and he must show a person acting under color of law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

Mr. Shorter alleges that Officer Heath took his right arm and pressed it up against the left side of my face putting his total body weight on my face and neck area and pulled the seat belt as tight as possible and checking it as if it was not secure while preparing to be transported on May 18, 2005. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate

indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

A correctional officer's use of physical force against an inmate may state a claim under §1983, but "(t)hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 10 (1992); *See Johnson v. Glick*, 481 F.2d 1028 at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment excludes minimal use of force from constitutional recognition, so long as it is not of a type that is "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. at 10, citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

Even giving Mr. Shorter the benefit of the inferences to which he is entitled at the pleadings stage, the incident as described by Mr. Shorter states no excessive use of force claim upon which relief can be granted. *Romaine v. Rawson*, 140 F.Supp.2d 204, 212 (N.D.N.Y. 2001) (prison guard striking inmate across the face three times, whether with open-fisted slaps or closed-fisted slaps, was *de minimis* for Eighth Amendment purposes where the inmate was unable to show any serious injury resulting from the blows); *Santiago v. Campisi*, 91 F.Supp.2d 665, 668 (S.D.N.Y. 2000) (Unprovoked slap on jaw was *de minimis* and not sufficiently repugnant to the conscience of mankind to constitute excessive use of force for Constitutional purposes); *Brown v. Croce*, 967 F.Supp. 101, 104 (S.D.N.Y. 1997) slapping an inmate twice amounted to nothing more than a *de minimis* use of force by a prison official). Mr. Shorter does not allege that Officer

Heath hit him, nor does he allege he suffered any serious injury as a result of Officer Heath's actions. Further, Mr. Shorter admits that Officer Heath was not familiar with transporting inmates, and that the jail was short handed that day. The court will deny Mr. Shorter leave to proceed against Officer Heath.

Mr. Shorter names Officer Brown and Nurse Debbie as defendants. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). There is no suggestion in Mr. Shorter's complaint that either Officer Brown or Nurse Debbie had any personal involvement in any of the actions he alleges violated his federally protected rights. Accordingly, the court will deny Mr. Shorter leave to proceed against Officer Brown and Nurse Debbie.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED.**

**ENTERED**: March 28, 2006

                      **S/ ALLEN SHARP**
                      **ALLEN SHARP, JUDGE**
                      **UNITED STATES DISTRICT COURT**